OPINION
{¶ 1} Appellant, Rebecca H. ("mother"), appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, dismissing the complaints for abuse and *Page 2 
dependency with respect to her children, C.B., S.B. and K.B.[1] The children's guardian ad litem, Fran Sweeney ("guardian"), also appeals such decision on behalf of the children. For the reasons set forth below, we affirm the juvenile court's decision.
 {¶ 2} On May 11, 2006, the Butler County Children Services Board ("the agency") filed complaints alleging abuse of C.B, and dependency of all three children based upon the alleged abuse of C.B. Such allegations were pursued after C.B. began recalling, during therapy sessions with Jim Sarris, instances of sexual abuse perpetrated upon him by his father. C.B. had been attending therapy sessions for over one year at the time his recollections surfaced.
 {¶ 3} On July 17, 2007, the magistrate conducted an adjudicatory hearing during which C.B., Sarris, and C.B.'s father, Hubert B., testified concerning the allegations of sexual abuse. At the conclusion of the hearing, the magistrate determined that, while C.B.'s testimony regarding the matter was "reasonably credible," the agency had failed to prove the allegations of abuse by clear and convincing evidence. The magistrate dismissed all allegations of abuse and dependency accordingly. The juvenile court adopted the magistrate's decision over the objections of mother and guardian on November 29, 2007.
 {¶ 4} Mother and guardian subsequently appealed the juvenile court's decision, advancing two assignments of error.[2] Because the assignments of error are related, we address them together in the following analysis.
 {¶ 5} Assignment of Error No. 1: *Page 3 
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE AGENCY DID NOT PROVE ABUSE BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT'S DISMISSAL OF THE COMPLAINTS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} In her first assignment of error, guardian contends the juvenile court abused its discretion in concluding the agency failed to prove C.B. was abused, where C.B. testified concerning sexual abuse perpetrated upon him by his father and the juvenile court found such testimony to be "reasonably credible." Both mother and guardian also contend the juvenile court's decision dismissing the allegations of abuse and dependency is against the manifest weight of the evidence where C.B. and Sarris testified concerning the alleged sexual abuse of C.B. We find both such arguments without merit.
 {¶ 10} Before a juvenile court may enter a finding of abuse or dependency, the state has the burden of establishing by clear and convincing evidence that a child is abused or neglected. In reStewart (March 20, 2000), Clinton App. No. CA99-08-024, 2000 WL 290134
at 6; R.C. 2151.35(A)(1). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required beyond a reasonable doubt, in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Whether the state has met its burden of proof "is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of *Page 4 
the statements made, are all tests of testimonial value. Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false."Cross at 477-478.
 {¶ 12} Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence. In re S.M., Madison App. No. CA2006-08-030, 2007-Ohio-2297, ¶ 13; In re Pieper Children (1993),85 Ohio App.3d 318, 327. When reviewing a trial court's decision on a manifest weight of the evidence basis, an appellate court is guided by the presumption that the findings of the trial court were correct.In re S.M.; In re G.S., Franklin App. No. 05AP-1321, 2006-Ohio-2530, ¶ 4. Reversing a judgment on manifest weight grounds should only be done in exceptional circumstances, when the evidence weighs heavily against the judgment. In re S.M.; In re G.S.
 {¶ 13} In this case, C.B. testified during the adjudicatory hearing that he was sexually abused by his father over the course of several years, from the time he was four or five years old until the age of 11. Such abuse, according to C. B., occurred while he was living with both his mother and father, and when he visited his father after his parents separated. C.B. indicated that he did not recall such abuse until approximately one and a half years into his therapy sessions with Sarris. He indicated that such memories were triggered by his sister, K.B., commenting that she recalled someone touching her at night while she was at her father's house. C.B. described his initial memories as "flashbacks," and indicated that he began remembering more details concerning the alleged instances of abuse over the course of several therapy sessions.
 {¶ 14} Sarris also testified concerning his therapy sessions with C.B. He indicated that in 2006, approximately one and a half years into his therapy sessions with C.B., C.B. began *Page 4 
disclosing "thoughts and memories, ideas, dreams that he was sexually abused." According to Sarris, he had had approximately 50 to 60 sessions with C.B. before such disclosures were made. Notably, however, Sarris testified that he had previously performed a "sex offender, specific evaluation on [C.B.]" in 2002, during which C.B. indicated that "he had not been molested." Sarris indicated that he did not have any evidence to dispute C.B.'s contention as such.
 {¶ 15} With respect to C.B.'s revelations in 2006 that he had been sexually abused by his father, Sarris testified that it is "usual" for a child to initially not recall abuse clearly. He also testified, however, that it is unusual for a child not to recall any abuse whatsoever, or not to recall the abuse more clearly, if the abuse occurred over a long period of time and within "a couple of years" of the child attending therapy. He indicated that C.B. was 14 years old when he began therapy sessions and that the last alleged incident of abuse occurred when he was 11 years old. Nevertheless, Sarris testified that there was nothing in C.B.'s presentation that led him to believe C.B. was making up the allegations of abuse.
 {¶ 16} C.B.'s father also testified during the adjudicatory hearing, denying all allegations that he sexually abused C.B.
 {¶ 17} At the conclusion of the hearing, the magistrate indicated that he found C.B.'s testimony "reasonably credible," and that such testimony, "standing alone, may have met other less stringent burdens of proof." The magistrate ultimately concluded, however, that the allegations of abuse had not been proven by the requisite standard of clear and convincing evidence. After a careful review of the record, we cannot say the juvenile court erred in reaching this conclusion.
 {¶ 18} As is well-established, the juvenile court, rather than this court, had the opportunity "to view the witnesses and observe their demeanor, gestures and voice *Page 6 
inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. While the court found C.B.'s testimony "reasonably credible," the court also found such testimony insufficient on its own to establish the allegations of abuse by clear and convincing evidence. Our review of the record demonstrates that other evidence was presented, such as the testimony of C.B.'s father and portions of that of Jim Sarris, that was sufficient to preclude C. B.'s testimony from reaching the elevated standard of clear and convincing evidence. Although guardian cites case law in which the testimony of an alleged victim or victim's family members concerning sexual abuse was sufficient to support a court's finding of abuse beyond a reasonable doubt, we stress that witness credibility and the weight to be given the evidence are matters reserved for the trial court's determination. Seasons Coal
at 80. We decline to substitute our judgment for that of the trier of fact in cases involving such matters.
 {¶ 19} After reviewing the record in this case, we cannot say the juvenile court erred in its assessment of the evidence presented during the adjudicatory hearing, and conclusion that the allegations of abuse had not been proven by clear and convincing evidence. Similarly, we find the juvenile court's decision in this case is not against the manifest weight of the evidence. Appellants' assignments of error are overruled accordingly.
 {¶ 20} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.
[1] We note the state has filed a brief in this matter indicating that it takes no position with respect to appellants' arguments.
[2] Appellants have filed separate merit briefs in this matter, with mother advancing one assignment of error and guardian advancing two assignments of error. Mother's assignment of error sets forth the same argument as guardian's second assignment of error. For purposes of clarity, we shall address the assignments of error as set forth in guardian's merit brief. *Page 1